# In re Leroy Nelson BLAKE, Respondent

## File A41 359 316 - New York

## *Decided April 6, 2005*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who is removable on the basis of his conviction for sexual abuse of a minor is ineligible for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), because the aggravated felony ground of removal with which he was charged has no statutory counterpart in the grounds of inadmissibility under section 212(a) of the Act, 8 U.S.C. § 1182(a) (2000). *Matter of Meza*, 20 I&N Dec. 257 (BIA 1991), distinguished.

FOR RESPONDENT: Matthew L. Guadagno, Esquire, and Kerry W. Bretz, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Christopher Tod St. John, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, Acting Vice Chairman; HURWITZ and MILLER, Board Members.

HOLMES, Acting Vice Chairman:

In a decision dated March 12, 2003, the Immigration Judge granted a waiver to the respondent under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994). The Department of Homeland Security ("DHS") has appealed, arguing that the respondent is ineligible for a waiver because the aggravated felony offense of sexual abuse of a minor that is the basis for his removal has no statutory counterpart in the grounds of inadmissibility in section 212(a) of the Act, 8 U.S.C. § 1182(a) (2000). As we find that the respondent is ineligible for a section 212(c) waiver, the appeal of the DHS will be sustained and the respondent will be ordered removed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent entered the United States on August 14, 1987, as a lawful permanent resident. On May 15, 1992, he pleaded guilty to sexual abuse in the first degree for "subject[ing] another person to sexual contact . . . (3) When the other person is less than eleven years old" in violation of section 130.65(3) of the New York State Penal Law. Based on this offense, the Immigration and Naturalization Service, now the DHS, issued a notice to

appear on July 20, 1999, charging the respondent under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. V 1999), as an alien convicted of sexual abuse of a minor, which is an aggravated felony under section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (Supp. V 1999). In a decision dated January 26, 2000, the Immigration Judge found the respondent removable as charged and pretermitted his request for a section 212(c) waiver, finding that such a waiver was unavailable in removal proceedings. The respondent appealed the denial of his waiver request.

While the respondent's appeal was pending before us, the United States Supreme Court held that section 212(c) relief remained available in removal proceedings to otherwise eligible aliens who pleaded guilty to certain offenses prior to the 1996 repeal of section 212(c). *INS v. St. Cyr*, 533 U.S. 289 (2001). We therefore remanded this case to the Immigration Court to further consider the respondent's eligibility for a section 212(c) waiver.

On remand, the DHS raised the question whether the respondent's ground of removal had a comparable ground of inadmissibility. The Immigration Judge concluded that the categories of offenses described in section 101(a)(43)(A) of the Act had a comparable ground of inadmissibility in that nearly all such offenses "would necessarily involve moral turpitude." After examining the relevant equities and adverse factors, the Immigration Judge granted the respondent a section 212(c) waiver in the exercise of discretion and terminated proceedings.

## II. ISSUES ON APPEAL

On appeal, the DHS argues that there is no comparable ground of inadmissibility for the respondent's aggravated felony offense. The DHS also contends that the Immigration Judge erred in granting section 212(c) relief in the exercise of discretion. As discussed below, we find that the aggravated felony offense of sexual abuse of a minor has no statutory counterpart in the section 212(a) grounds of inadmissibility. As the respondent is therefore ineligible for a section 212(c) waiver, we do not reach the issue of the Immigration Judge's exercise of discretion.

## III. ANALYSIS

We will first briefly review the origins and development of the comparability requirement for a section 212(c) waiver. We will then examine the recently promulgated section 212(c) regulation and its explicit requirement that a respondent in removal proceedings who applies for a waiver must demonstrate a "statutory counterpart" in the grounds of inadmissibility. Executive Office for Immigration Review; Section 212(c) Relief for Aliens With Certain Criminal Convictions Before April 1, 1997, 69 Fed. Reg. 57,826, 57,835 (Sept. 28, 2004) (to be codified at 8 C.F.R. § 1212.3(f)(5))

(effective Oct. 28, 2004).[1]  As discussed below, our precedent decisions and the newly promulgated regulatory provision indicate that the "sexual abuse of a minor" category in the aggravated felony definition does not have a "statutory counterpart" in the grounds of inadmissibility.

Former section 212(c) of the Act provided for a discretionary waiver of certain grounds of inadmissibility under section 212(a) for "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years."  In *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976), the court held that the constitutional requirements of due process and equal protection required that the section 212(c) waiver be afforded to nondeparting lawful permanent resident aliens, as well as those who had proceeded abroad.  In *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976), we adopted the holding of the *Francis* court and concluded that section 212(c) permits a waiver of a ground of inadmissibility to a permanent resident alien in deportation proceedings regardless of whether he departs the United States following the act or acts which render him deportable.

In subsequent cases, we held that section 212(c) applied only to those charges of deportability for which there was a comparable ground of inadmissibility.  *See, e.g.*, *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979).  The Attorney General affirmed this approach in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), holding that  section 212(c) should not be afforded for a ground of deportability that is not also a waivable ground of inadmissibility under section 212(a).

In *Matter of Meza*, 20 I&N Dec. 257 (BIA 1991)*,* we first addressed the question of comparable grounds in a case involving an aggravated felony ground of deportability.  In *Matter of Meza*, we held that "a waiver under section 212(c) is not unavailable to an alien convicted of an aggravated felony simply because there is no ground of exclusion which recites the words, 'convicted of an aggravated felony,' as in section 241(a)(4)(B) of the Act." *Id.* at 259.  We referred, instead, to the specific category of aggravated felony charged, section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. III 1991), which referred to "any illicit trafficking in any controlled substance . . . , including any drug trafficking crime."  The comparable ground of inadmissibility at issue, former section 212(a)(23)(A) of the Act, 8 U.S.C. § 1182(a)(23)(A) (Supp. I 1989), referred to convictions for "violation of, or

---

[1]  The amendments to the section 212(c) regulation were promulgated after appellate briefs had been submitted in this case.  We asked the parties to submit supplemental briefs addressing the effect of the new regulation on the question of comparable grounds.  We acknowledge and appreciate the thoughtful arguments presented by the parties in their supplemental briefs.

a conspiracy to violate, any law or regulation . . . relating to a controlled substance." We concluded that "as the respondent's conviction for a drug-related aggravated felony clearly could also form the basis for excludability under section 212(a)(23), he is not precluded from establishing eligibility for section 212(c) relief based on his conviction for an aggravated felony." *Matter of Meza*, *supra*, at 259.

In *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992), the respondent was charged with deportability under former section 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), for conviction of a firearms violation, a provision for which we had previously found no comparable ground of exclusion. *See Matter of Granados*, *supra*. The respondent argued, nonetheless, that because his firearms conviction also involved moral turpitude, he would be inadmissible under former section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (Supp. III 1991) (moral turpitude offenses), and that, under *Matter of Meza*, *supra*, the overlap in the coverage of the two provisions should suffice for eligibility for section 212(c) relief. We rejected this argument, finding that "section 212(c) cannot waive the charge of deportability under section 241(a)(2)(C) in the instant case because section 241(a)(2)(C) has no analogous ground of inadmissibility." *Matter of Montenegro*, *supra*, at 605. We distinguished our decision in *Matter of Meza*, *supra*, by noting that there "we addressed the unique situation created by the language and legislative history of an amendment to section 212(c) by section 511 of the Immigration Act of 1990, 104 Stat. at 5052,[2] which indicated that some aggravated felons are eligible for a section 212(c) waiver in deportation proceedings even though there is no single comparable ground of exclusion based on conviction of an aggravated felony." *Matter of Montenegro*, *supra*, at 605.

Similarly, in *Matter of Esposito*, 21 I&N Dec. 1 (BIA 1995), we rejected arguments that a respondent who was charged with a conviction for a firearms violation under former section 241(a)(2)(C) of the Act had demonstrated a comparable ground of exclusion even though the firearms violation was arguably one of two or more crimes which could render the alien inadmissible for conviction of multiple crimes of moral turpitude. We again distinguished

---

[2]  Section 511(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5052, amended section 212(c) to provide that an alien convicted of an aggravated felony who has served 5 years or more in prison is ineligible for a discretionary waiver. In *Cato v. INS*, 84 F.3d 597 (2d Cir. 1996), the court observed that "IMMACT § 511(a) has nothing to say about weapons offenders. It simply provides that some aggravated felons are ineligible for § 212(c) relief. It would be perverse to infer from this amendment—which *limits* the scope of § 212(c)—a concurrent expansion of § 212(c) eligibility to an offense that is neither listed in § 212(a), nor mentioned in IMMACT § 511(a) itself. 'By leaving the exceedingly specific language of § 212(c) substantially unchanged, [Congress] can only be said to have expressed a continued desire to limit § 212(c) to the listed grounds of exclusion.'" *Id.* at 601 (quoting *Campos v. INS*, 961 F.2d 309, 315 (1st Cir. 1992)).

*Matter of Meza*, *supra*, as a decision that "is limited to the question of eligibility for section 212(c) relief in the case of a conviction for a drug-trafficking aggravated felony and is based on the specific amendment to section 212(c) regarding aggravated felonies." *Matter of Esposito*, *supra*, at 9. We then held that *Matter of Meza* "does not alter the general rule that section 212(c) relief is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability." *Id.* at 9-10.

In our most recent decision on the comparable ground issue, we addressed whether a section 212(c) waiver was available to a respondent charged with deportability under former section 241(a)(3)(B)(iii) of the Act, 8 U.S.C. § 1251(a)(3)(B)(iii) (1994), for a conviction under 18 U.S.C. § 1546(a) (1994) (relating to fraud and misuse of visas, permits, or other entry documents). *Matter of Jimenez*, 21 I&N Dec. 567 (BIA 1996). The respondent argued that his deportation charge had a comparable ground in section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (1994), relating to exclusion for fraud or willful misrepresentation of a material fact in procuring a visa, entry into the United States, or other immigration benefit. We reasoned that although there was some overlap in the offenses covered by these two provisions, § 1546(a) "encompasses more serious document fraud and misuse offenses not contemplated by the 'willful misrepresentation' language of section 212(a)(6)(C)(i), including the crime of selling visas, permits, and other immigration documents." *Id.* at 573. In *Matter of Jiminez*, we rejected an approach that asks whether the respondent's offense or conduct is subsumed under the terms of one of the exclusion grounds. *Id*. at 574. Rather, we concluded that "[t]he essential analysis is to determine whether the deportation ground under which the alien has been adjudged deportable has a *statutory counterpart* among the exclusion grounds waivable by section 212(c)." *Id.* (emphasis added).

The recently promulgated regulations confirm that the comparability requirement applies to aliens who seek section 212(c) relief in removal proceedings. The final rule renders ineligible for a section 212(c) waiver an alien "deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act." 69 Fed. Reg. at 57,835 (to be codified at 8 C.F.R. § 1212.3(f)(5)). The Supplementary Information to the final rule provides the following explanation for the addition of this requirement:

> One commenter stated that the proposed rule should clarify that an alien charged and found deportable as an aggravated felon is not eligible for section 212(c) relief "if there is no comparable ground of inadmissibility for the specific *category* of aggravated felony charged." The commenter continues, "[f]or example, the rule should not apply to aggravated felons charged with deportability under specific types or categories of aggravated felonies such as '*Murder, Rape, or Sexual Abuse of a Minor*' or '*Crime of Violence*' aggravated felonies." Thus, the commenter states that

> § 1212.3(f)(4) should include those aliens who have been charged with aggravated felonies for which there is no corresponding ground of inadmissibility as being ineligible for section 212(c) relief.
>
> The commenter is correct in stating this limitation on the scope of relief available under section 212(c). *Matter of Granados*, 16 I&N Dec. 726, 728 (BIA 1979) ("[I]f a ground of deportation is also a ground of inadmissibility, section 212(c) can be invoked in a deportation hearing."); *Cabasug v. INS*, 847 F.2d 1321 (9th Cir. 1988); *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991). In describing the eligibility requirements, the supplementary information of the proposed rule noted that "[a]n applicant must, at a minimum, meet the following criteria to be considered for a waiver under section 212(c): * * * [t]he alien is deportable or removable on a ground that has a corresponding ground of exclusion or inadmissibility * * * " 67 FR at 52628-52629. However, this requirement was not included in the regulatory language of the proposed rule. As a result, the Department will effectuate the commenter's suggestion by adding this requirement for section 212(c) eligibility. Accordingly, the final rule provides that an alien who is deportable or removable on a ground that does not have a corresponding ground of exclusion or inadmissibility is ineligible for section 212(c) relief.

69 Fed. Reg. at 57,831-32. Given that the terms "corresponding ground," "comparable ground," and "statutory counterpart" are used interchangeably in the above explanation, we ascribe the same meaning to each term.

In determining whether there is a corresponding ground or statutory counterpart in this case, we consider the offense of sexual abuse of a minor to be a discrete category of offense, apart from the other two offenses listed in section 101(a)(43)(A) of the aggravated felony definition. *See Matter of Meza*, *supra* (looking to the specific category of aggravated felony offense charged in making the required comparison). We therefore examine whether the "sexual abuse of a minor" aggravated felony ground of removal has a comparable ground or statutory counterpart in the grounds of inadmissibility.

The only inadmissibility provision the respondent has identified as arguably comparable to his aggravated felony charge is section 212(a)(2)(A)(i)(I) of the Act. This section renders inadmissible to the United States any alien "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime." The respondent argues that, as most convictions for sexual abuse of a minor would likely be crimes involving moral turpitude, the moral turpitude ground of inadmissibility should be considered a comparable ground.[3] The respondent refers to *Matter of Meza*, *supra*, as a decision in

---

[3] In some respects, the sexual abuse of a minor aggravated felony category may be broader than the category of offenses covered by the moral turpitude ground of inadmissibility. A single misdemeanor conviction for sexual abuse of a minor, for example, is an aggravated felony. *Matter of Small*, 23 I&N Dec. 448 (BIA 2002). A respondent is not inadmissible for a single offense involving moral turpitude, however, unless the maximum possible penalty exceeds 1 year and the sentence imposed is more than 6 months' imprisonment. *See*

(continued...)

which we applied such an approach.  In *Matter of Meza*, we concluded that "as the respondent's conviction for a drug-related aggravated felony clearly could also form the basis for excludability under section 212(a)(23), he is not precluded from establishing eligibility for section 212(c) relief based on his conviction for an aggravated felony." *Id*. at 259.

In *Matter of Meza*, however, we compared an aggravated felony deportation charge and an exclusion provision which addressed similar categories of offenses involving illicit trafficking in drugs.  The instant case differs from *Matter of Meza* in that the moral turpitude ground of exclusion addresses a distinctly different and  much broader category of offenses than the aggravated felony sexual abuse of a minor charge.  To the extent that our comments in *Matter of Montenegro*, *supra*, and *Matter of Esposito*, *supra*, may have suggested a more relaxed approach to the analysis of comparable grounds in cases involving aggravated felony grounds of removal, the recently enacted regulation clarifies that the same test for comparability applies to aggravated felony grounds of removal as applies to other removal provisions.

As indicated by the approach taken in our decisions in the firearms cases discussed above, whether a ground of deportation or removal has a statutory counterpart in the provisions for exclusion or inadmissibility turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses.  Although many firearms offenses may also be crimes of moral turpitude, the category of firearms offenses is not a statutory counterpart to crimes of moral turpitude.  Similarly, although there may be considerable overlap between offenses categorized as sexual abuse of a minor and those considered crimes of moral turpitude, these two categories of offenses are not statutory counterparts.

The approach outlined above is consistent with the test for comparable grounds applied by the United States Court of Appeals for the Second Circuit, the court with jurisdiction over this case.  In *Cato v. INS*, 84 F.3d 597, 600 (2d Cir. 1996), the court identified three distinct groups into which a deportee seeking section 212(c) relief may fall:

> (1) The deportee's ground of deportation may be congruent with a ground of exclusion listed in § 212(a).  Such a deportee *is* eligible for § 212(c) relief.
> (2) The deportee's ground of deportation may be one that could not possibly be analogous to a ground of exclusion.  Such a deportee *is* also eligible for § 212(c) relief.
> (3) The deportee's ground of deportation may be one that could conceivably have an analogous ground of exclusion under § 212(a) but, unhappily, Congress has not chosen to include that ground in § 212(a).  Such a deportee *is not* eligible for § 212(c) relief.

---

[3]  (...continued)
section 212(a)(2)(A)(ii)(II) of the Act (petty offense exception).

*See also Drax v. Reno*, 338 F.3d 98 (2d Cir. 2003) (referring to the same three categories and finding that a ground of deportation based on a conviction for a drug offense fell into the first group—a ground of deportation congruent with a ground of exclusion in section 212(a) of the Act). The respondent argues that "sexual abuse of a minor" is "congruent with" or "analogous" to the crime involving moral turpitude provision under section 212(a) and therefore falls within the first group described above. The DHS contends that Congress could have included, but chose not to include, "sexual abuse of a minor" as a ground of inadmissibility under section 212(a), and therefore the respondent falls under the third group.

In *Cato v. INS*, *supra*, at 600, the court found that a weapons offense "falls squarely into the third group." Congress could have included such offenses as grounds of exclusion under section 212(a), but chose not to do so. The overlap between some weapons offenses and crimes of moral turpitude did not satisfy the requirement that the ground of deportation be "congruent with" a ground of exclusion in section 212(a). *Id.* As the court noted, "a § 212(c) waiver becomes available in a deportation proceeding if the reason for deportability is 'substantially equivalent' to a ground of exclusion listed in § 212(a)." *Id.* at 599 (citing *Bedoya-Valencia v. INS*, 6 F.3d 891, 894 (2d Cir. 1993); *Campos v. INS*, 961 F.2d 309, 313 n.6 (1st Cir. 1992)). Like weapons offenses, the "sexual abuse of a minor" category also fails the Second Circuit's "substantially equivalent" test when paired with the crime of moral turpitude provision in section 212(a).

The coverage of the offenses described need not be a perfect match in order to be "statutory counterparts" under the regulation so long as the ground of inadmissibility addresses essentially the same category of offenses under which the removal charge is based. In *Matter of Meza*, *supra*, for example, the language used in describing the drug-related aggravated felony provision covered substantially the same category of drug-related offenses addressed in the exclusion ground. Under the regulation and our precedent decisions, however, the test for comparability is not met merely by showing that some or many of the offenses included in the charged category could also be crimes involving moral turpitude.

## IV. CONCLUSION

As the respondent has not identified a ground of inadmissibility substantially equivalent to the "sexual abuse of a minor" category of aggravated felony offenses, he is ineligible for a section 212(c) waiver. Accordingly, the appeal of the DHS will be sustained and the Immigration Judge's decision granting the respondent a section 212(c) waiver will be vacated. As the respondent has requested no other form of relief from removal, he will be ordered removed.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The Immigration Judge's March 12, 2003, order granting a section 212(c) waiver to the respondent and terminating proceedings is vacated. The respondent is ordered removed from the United States pursuant to the Immigration Judge's decision of January 26, 2000.