# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2590

_____

| | | |
|---|---|---|
| Wenceslao Cornejo Soriano, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales, United States | * | |
| Attorney General, | * | [PUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: October 6, 2006
Filed: October 19, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Wenceslao Cornejo Soriano, a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reconsider or to reopen.

We conclude that the BIA acted within its discretion in denying Soriano's motion. See Patel v. Ashcroft, 375 F.3d 693, 695-96 (8th Cir. 2004) (standard of review). We agree with the BIA that Soriano was ineligible for a waiver of removability under Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (1994) (repealed effective Apr. 1, 1997), because the ground for which he

was found removable--the aggravated felony of sexual abuse of minor--does not have a statutory counterpart in the grounds of inadmissibility listed in INA § 212(a), 8 U.S.C. § 1182(a).  See 8 C.F.R. § 1212.3(f)(5) (2005) (§ 212(c) relief shall be denied if alien is removable on ground which does not have statutory counterpart in grounds of inadmissibility under § 212(a)); Campos v. INS, 961 F.2d 309, 312-15 (1st Cir. 1992) (§ 212(c) waiver may be granted to alien facing deportation only when there is ground of exclusion comparable to charge triggering deportation); In re Blake, 23 I. & N. Dec. 722, 723-29 (BIA 2005) (sexual-abuse-of-minor removability ground has no statutory counterpart in § 212(a) inadmissibility grounds).

Accordingly, we deny the petition.

_____