United States Court of Appeals

Fifth Circuit

**F I L E D**

**April 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60615
Summary Calendar

JOSE ASENCION TORRES-MARTINEZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A41 312 816
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Asencion Torres-Martinez (Torres) petitions for review
of a Board of Immigration Appeals (BIA) decision dismissing his
appeal from a final order of removal. Torres argues that the BIA
erred by upholding the immigration judge's decision following the
hearing of May 24, 2005, to pretermit consideration of his waiver
application under former Immigration and Nationality Act § 212(c)
based on Torres's prior aggravated felony conviction. Torres
argues that his waiver application should have been considered
under the law in place in 2003, which would have applied had he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received effective assistance of counsel and had his waiver application been timely filed at the earlier time. Torres contends that his waiver application would likely have been granted under the law in place in 2003 and that the subsequent clarification of the law in 8 C.F.R. § 1212.3(f)(5) and In re Blake, 23 I & N Dec. 722 (BIA 2005), should not apply. He asserts, citing Batanic v. INS, 12 F.3d 662 (7th Cir. 1993), that the failure to consider his application nunc pro tunc violates due process.

Although we generally lack jurisdiction to review final orders of removal of aliens who have been convicted of aggravated felonies, see 8 U.S.C. § 1252(a)(2)(C), pursuant to the REAL ID Act, we retain jurisdiction over constitutional claims or questions of law. § 1252(a)(2)(D); see Rodriquez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005). Therefore, we may consider Torres's assertion that his right to due process was violated by the failure to consider his arguments as of the time his attorney should have filed his § 212(c) application. We review claims of a due process violation de novo. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Torres has not pointed to any authority or evidence supporting his claim that he would likely have received a waiver under § 212(c) had his application for such relief been adjudicated in 2003. Nor has he supported his contention that application of the clarification in Blake and § 1212.3(f)(5)

changes anything that would affect the process he received.  As Torres admits, the statutory language regarding waivers of admissibility has not changed.  Torres's reliance on <u>Batanic</u> in support of his argument is misplaced.  <u>Batanic</u> involved a change in statutory law and is neither controlling nor persuasive authority for Torres's contention.  <u>See</u> <u>Batanic</u>, 12 F.3d at 664, 667-68.

The petition for review is DENIED.