Jose Mario **RODRIGUEZ–MATA, Petitioner,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 06–71380.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2007.

Filed Aug. 20, 2007.

Daniel D. Hardy, Esq., Dominic J. Ferullo, Esq., O'Melveny & Myers, LLP, San Francisco, CA, for Petitioner.

Jose Mario Rodriguez–Mata, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, James E. Grimes, Esq., Stephen J. Flynn, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILER *, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Jose Mario Rodriguez–Mata petitions for review of an order of the Board of

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals ("BIA" or "Board") dismissing his appeal and affirming the Immigration Judge's order of deportation. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition. Because the parties are familiar with the facts and procedural history, we do not recount them here.

This Court reviews Petitioner's constitutional claims de novo. *Masnauskas v. Gonzales*, 432 F.3d 1067, 1069 (9th Cir. 2005). The BIA's reasonable interpretation and application of the immigration laws are generally entitled to deference. *INS v. Aguirre–Aguirre*, 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999); *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004).

Mr. Rodriguez–Mata claims that: (1) *Matter of Blake*, 23 I. & N. Dec. 722 (BIA 2005), was wrongly decided and is inconsistent with the statutory regime; (2) that if *Matter of Blake* is upheld it would violate his rights under the equal protection component of the Fifth Amendment's Due Process Clause by treating him differently from re-entering aliens for no rational reason; and (3) that *Matter of Blake* is such a departure from past Board practice that its retroactive application to him violates his right to due process. Because these same arguments were raised and rejected in *Abebe v. Gonzales*, 493 F.3d 1092 (9th Cir.2007), we reject them here.

**PETITION DENIED.**