Alexander **GREENIDGE–STEVENS,**
**Petitioner,**

v.

**Michael B. MUKASEY,**[1] **Respondent.**

No. 05–4093–ag.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2008.

Miriam Kiser, Law Student at Pace University School of Law, accompanied by Vanessa Merton, John Jay Legal Services, Pace University School of Law, White Plains, N.Y., for Petitioner.

Natasha Oeltjen, Assistant United States Attorney (David S. Jones, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Alexander Greenidge–Stevens ("Greenidge"), a citizen of Panama and lawful permanent resident of the United States, petitions for review of a July 7, 2005 order of the BIA denying his special motion, *see* 8 C.F.R. § 1003.44, to seek relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). *In re Alexander Orlando Greenidge–Stevens,* No. A37 175 049 (B.I.A. July 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto Gonzales as the respondent in this case.

The BIA denied Greenidge's special motion on the basis that "inasmuch as the respondent is removable as an aggravated felon, ... we must conclude that the respondent is ineligible for a waiver under section 212(c) of the Act, because there is no corresponding ground of inadmissibility for [a] crime of violence under section 212(a) of the Act." In support of its conclusion, the BIA cited its decision in *Matter of Blake*, 23 I. & N. Dec. 722 (B.I.A.2005). In challenging the BIA's order, Greenidge argues that this Court's decision in *Blake v. Carbone*, 489 F.3d 88 (2d Cir.2007), altered the test for section 212(c) eligibility used by the BIA, and he requests remand on that ground.

Assuming that the BIA did err in its grounds for denial of Greenidge's special motion, we nonetheless decline to remand. Remand is not "required each and every time an administrative agency assigns a wrong reason for its action." *NLRB v. Am. Geri–Care, Inc.*, 697 F.2d 56, 64 (2d Cir.1982). In the immigration context, we have concluded that remand would be futile whenever "the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006). The BIA had earlier found in its May 7, 2002 order—an order fully litigated through Greenidge's prior habeas petitions before the district court—that Greenidge was statutorily ineligible for section 212(c) relief. This was because Greenidge had been convicted of an aggravated felony, pursuant to a guilty plea entered on July 23, 1993, and had served at least five years of his prison sentence at the time of the BIA's original, May 18, 1999, decision denying him relief. This ruling comports

with this Court's holding in *Buitrago–Cuesta v. INS*, 7 F.3d 291, 296 (2d Cir. 1993), and nothing in *Edwards v. INS*, 393 F.3d 299 (2d Cir.2004), is to the contrary. Given the existence of this alternative, and determinative, ground for denying Greenidge section 212(c) relief, we conclude that remand in this case would be futile.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.