[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13442
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2010
JOHN LEY
CLERK

Agency No. A41-075-231

CESAR ISIDRO PALOMINO-ABAD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 11, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Cesar Isidro Palomino-Abad has filed a petition for review of the Board of Immigration Appeals's ("BIA") order denying his motion for reconsideration of its decision that he was not eligible for relief under INA § 212(c), 8 U.S.C. § 1182(c). In his petition, Palomino-Abad argues that the BIA erred in refusing to grant his motion for reconsideration because the first Immigration Judge ("IJ") who considered his case entered a final order granting him relief under § 212(c). He also contends that our recent decision in *De La Rosa v. U.S. Att'y Gen.*, 579 F.3d 1327 (11th Cir. 2009), *petition for cert. filed*, (U.S. Nov. 13, 2009) (No. 09-594), is flawed because it violates the Equal Protection Clause, raises retroactivity concerns, and accords deference to a BIA decision that does not merit deference. For the reasons set forth below, we affirm.

## I.

Palomino-Abad, a native and citizen of Peru, was admitted into the United States on or about May 27, 1987, as an immigrant. On April 14, 1998, the former Immigration and Naturalization Service ("INS") served Palomino-Abad with a notice to appear ("NTA"), charging him with removability under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), for having been "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." Specifically, the INS alleged that Palomino-Abad had been convicted of: (1) engaging in lewd and lascivious conduct constituting sexual

2

battery on a minor, in violation of Fla. Stat. § 800.04; and (2) burglary, in violation of Fla. Stat. § 810.02. The convictions occurred, respectively, on July 16, 1993, and September 4, 1992. In March 1999, the INS also charged Palomino-Abad with removability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. The INS indicated that this ground for removal was based on Palomino-Abad's 1993 sexual battery conviction under Fla. Stat. § 800.04.

After numerous continuances of his immigration proceedings, Palomino-Abad informed the IJ that he intended to file an application for relief under INA § 212(c), 8 U.S.C. § 1182(c), and, thereafter, submitted a written application for § 212(c) relief.

In May 2002, Palomino-Abad, represented by counsel, conceded that he was removable as charged in the NTA, and the IJ sustained the charges. He then testified in support of his application for relief under § 212(c), and admitted, among other things, that he had been convicted of sexual battery against a minor in 1993. The IJ ordered Palomino-Abad to complete 200 hours of community service, and warned him that, if he did not complete 200 hours of community service and avoid further criminal activity, he would "deport [him] [the] next time." The IJ ordered that the next hearing in Palomino-Abad's case would take place in March 2003. The IJ concluded the hearing by addressing Palomino-

3

Abad's family members, stating, "[W]e'll see what happens, it's up to him from now on." Although Palomino-Abad subsequently submitted documents certifying that he completed 200 hours of community service, the IJ who conducted the May 2002 hearing did not hold an additional hearing or otherwise take further action in the case.

After a second IJ continued Palomino-Abad's case two more times, the Department of Homeland Security ("DHS") filed a motion to pretermit his application for § 212(c) relief. In its motion, the DHS noted that the BIA had recently decided *In re Blake*, 23 I&N Dec. 722 (BIA 2005), and asserted that, in light of this decision, Palomino-Abad's 1993 conviction for sexual battery under Fla. Stat. § 800.04 precluded his eligibility for relief under § 212(c). *Blake* concerned § 212(c), a statute vesting the Attorney General with discretion to waive a ground of inadmissibility for an alien seeking entry into the United States. *In re Blake*, 23 I. & N. Dec. at 723-29. In *Blake*, the BIA noted that § 212(c) relief had been extended to aliens facing deportation, but only where the ground for deportability was comparable to a ground of inadmissibility set forth in INA § 212(a). *Id.* at 728-29. The BIA applied this "comparable ground" or "statutory counterpart" test to hold that an alien whose ground for deportability was based on his conviction for sexual abuse of a minor would not be eligible for § 212(c) relief.

4

*Id.* In applying the test, the BIA found that this offense has no statutory counterpart in the grounds of inadmissibility in § 212(a). *Id.*

In November 2005, the second IJ conducted a hearing regarding the government's motion to pretermit Palomino-Abad's § 212(c) application. The IJ issued an oral decision granting the DHS's motion. The IJ found that the previous IJ who handled the case did not enter a final order either granting or denying relief under § 212(c). The IJ noted that Palomino-Abad had been charged with removability on two grounds – his conviction of an aggravated felony, under § 237(a)(2)(A)(iii), and his convictions for two crimes involving moral turpitude, under § 237(a)(2)(A)(ii). The IJ found that, had Palomino-Abad been charged with removability only under § 237(a)(2)(A)(ii), for crimes involving moral turpitude, he would have been eligible for § 212(c) relief. The IJ determined, however, that under *Blake*, the additional charge of removal under § 237(a)(2)(A)(iii), for commission of the aggravated felony of sexual battery, precluded Palomino-Abad's eligibility for § 212(c) relief. Accordingly, the IJ ordered that Palomino-Abad be removed to Peru.

Palomino-Abad appealed from the IJ's order. In his brief to the BIA, Palomino-Abad argued that he was not removable because the first IJ who considered his case entered a final order granting his application for relief under § 212(c). In addition, he argued that he was eligible for § 212(c) relief despite the

5

BIA's holding in *Blake*. He contended that *Blake*'s statutory counterpart rule retroactively imposed a new substantive requirement for § 212(c) relief, which violated the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 293, 121 S.Ct. 2271, 2275, 150 L.Ed.2d 347 (2001). He also asserted that the *Blake* decision violated the Equal Protection Clause.

The BIA denied Palomino-Abad's appeal, agreeing with the IJ's ultimate finding that, under *Blake*, he was not eligible for relief under § 212(c). The BIA explained that Palomino-Abad's conviction for sexual battery, and the resulting ground for his removal as an alien convicted of an aggravated felony, had no statutory counterpart in the grounds of inadmissibility set forth in § 212(a). The BIA did not make a finding regarding the issue of whether the first IJ who considered Palomino-Abad's case entered a final order granting him relief under § 212(c).

Palomino-Abad filed a motion to reconsider, largely reiterating the arguments he set forth in his brief on appeal. The BIA denied the motion. In its order denying the motion to reconsider, the BIA found that the first IJ who handled Palomino-Abad's case did not enter an order granting him § 212(c) relief. The BIA rejected Palomino-Abad's argument that applying the statutory counterpart test contravened *St. Cyr*'s concerns with retroactivity. The BIA explained that the statutory counterpart test was "well-established." The BIA found that, even if

6

Palomino-Abad's charge under § 237(a)(2)(A)(ii) had a statutory counterpart in § 212(a)'s grounds for inadmissibility, he still would be ineligible for § 212(c) relief because, under *Blake*, the sexual battery charge under § 237(a)(2)(A)(iii) lacked a statutory counterpart.

After Palomino-Abad filed a petition for review of the BIA's decision denying his motion to reconsider, we remanded his case to the BIA for further consideration in light of the Second Circuit's decision in *Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007), in which that circuit reviewed the BIA's decision in *Blake* and rejected its reasoning.

On remand, the BIA again denied Palomino-Abad's motion to reconsider. The BIA found that an alien facing deportation is eligible for § 212(c) relief only where the statutory ground of removability corresponded to a statutory ground of inadmissibility. The BIA acknowledged that the Second Circuit rejected its statutory counterpart test in *Blake v. Carbone*, but declined to follow the Second Circuit's decision in Palomino-Abad's case because this decision was not controlling in this Circuit. Palomino-Abad then filed the present petition for review of the BIA's order denying his motion for reconsideration.

## II.

Before considering the merits of an alien's petition for review, we "must first consider whether we have subject matter jurisdiction to hear the petition at

all." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). We review our subject matter jurisdiction *de novo*. *Id.* Generally, we lack jurisdiction to review a determination that an alien is removable due to his status as a convicted felon. 8 U.S.C. § 1252(a)(2)(C); *De La Rosa*, 579 F.3d at 1328 n.1. We possess jurisdiction, however, to review a claim raised by such an alien if it constitutes a constitutional claim or a question of law. 8 U.S.C. § 1252(a)(2)(D); *De La Rosa*, 579 F.3d at 1328 n.1.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). This standard of review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). However, we review the BIA's legal determinations *de novo*. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006). A decision by a panel of this Court constitutes binding precedent unless it has been overruled by this Court sitting *en banc* or the Supreme Court. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1169 (11th Cir. 2007).

In INA § 212(a), 8 U.S.C. § 1182(a), Congress has set forth certain categories of aliens who are not eligible for admission into the United States (*i.e.*, aliens who are "inadmissible" or "excludable"). *See* INA § 212(a), 8 U.S.C.

8

§ 1182(a); *De La Rosa*, 579 F.3d at 1328 n.2 (noting that aliens previously referred to as "excludable" are now referred to as "inadmissible," and that these two terms may be used interchangeably). Inadmissible aliens include, in relevant part, aliens who have been convicted of "a crime involving moral turpitude (other than a purely political offense)." INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Likewise, in INA § 237(a), 8 U.S.C. § 1227(a), Congress has set forth classes of aliens who are inside the United States but are subject to deportation ("deportable aliens"). *See* INA § 237(a), 8 U.S.C. § 1227(a). Aliens subject to deportation include any alien who, after admission into the United States, "is convicted of an aggravated felony." INA § 237(a)(2)(A)(ii) and (iii), 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii). Under former INA § 212(c), 8 U.S.C. § 1182(c), which was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the Attorney General possessed discretion to waive exclusion for "aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." *De La Rosa*, 579 F.3d at 1329 (quoting § 212(c)).

Although § 212(c) has been repealed by the IIRIRA, certain aliens may still apply for relief under this provision. *St. Cyr*, 533 U.S. at 326, 121 S.Ct. at 2293. In *St. Cyr*, the Supreme Court considered whether an alien, who was a legal

9

permanent resident and who faced deportation based on his 1996 conviction for drug trafficking, was eligible for relief from removal under § 212(c). *Id.* at 293, 121 S.Ct. at 2275. The Court noted that, at the time of his conviction, the alien was eligible for § 212(c) relief. *Id.* By the time the INS commenced removal proceedings against him, however, § 212(c) had been repealed. *Id.* The Court held that, even though § 212(c) had been repealed by the IIRIRA, relief under this provision is still available to an alien whose conviction was "obtained through [a] plea agreement and who, notwithstanding [the] conviction[], would have been eligible for § 212(c) relief at the time of [the] plea." *Id.* at 326, 121 S.Ct. at 2293. In support of this holding, the Court voiced its concern that, prior to IIRIRA's repeal of § 212(c), aliens "almost certainly" relied on the availability of § 212(c) relief when pleading guilty to an offense, and the IIRIRA's repeal of § 212(c) could retroactively impose new legal consequences on a past event. *Id.* at 325, 121 S.Ct. at 2293.

While the literal terms of § 212(c) extended relief only to those aliens deemed inadmissible under § 212(a), the DHS has permitted some aliens inside the United States who face deportation proceedings to apply for relief under § 212(c). *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1323 (11th Cir. 2001). The purpose of this extension "was to equalize the treatment of aliens who were deportable versus excludable on equivalent grounds." *Id.* Thus, relief under

10

§ 212(c) was available to a deportable alien where his deportability "was based on a ground for which a comparable ground for exclusion existed." *Id.* Accordingly, in order to show that he is eligible for relief under § 212(c), a deportable alien must show that the ground for deportability has a "statutory counterpart" in the grounds for inadmissibility set forth in § 212(a). *De La Rosa*, 579 F.3d at 1332. This "statutory counterpart" test has been codified at 8 C.F.R. § 1212.3(f)(5), which provides that, "An application for relief under former section 212(c) of the Act shall be denied if . . . [t]he alien is deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act." *Id.*; 8 C.F.R. § 1212.3(f)(5). As noted above, in *In re Blake*, the BIA held that an alien who was deportable based on his conviction for sexual abuse of a minor was not eligible for § 212(c) relief, because this offense had no statutory counterpart in § 212(a)'s grounds of inadmissibility. *De La Rosa*, 579 F.3d at 1332.

In *De La Rosa*, we considered whether an alien, who had been admitted into the United States and faced deportation due to his 1995 conviction for sexual battery under Fla. Stat. § 800.04,[1] was eligible for a waiver of deportation under

[1] In *De La Rosa*, we noted that the alien was convicted under Fla. Stat. § 800.04(3). *De La Rosa*, 579 F.3d at 1328. This provision currently provides that a defendant's ignorance of the victim's age cannot be raised as a defense. Fla. Stat. § 800.04(3). In 1995, however, this provision prohibited sexual battery against a minor. *See* Fla. Stat. § 800.04(3) (1995). The provision regarding sexual battery is currently found at § 800.04(4). Fla. Stat. § 800.04(4).

§ 212(c). 579 F.3d at 1328. Based on his sexual battery offense, the DHS had charged the alien with removability under INA § 237(a)(2)(A)(iii) on the ground that he had been convicted of an aggravated felony. *Id.* at 1328, n. 3. We rejected the alien's argument that the statutory counterpart test violated the Equal Protection Clause, because deportable aliens and inadmissible aliens are not similarly situated unless they are inadmissible and deportable, respectively, based on substantially identical statutory grounds. *Id.* at 1338. In addition, we rejected the Second Circuit's reasoning in *Blake v. Carbone* and held instead that the BIA's decision in *In re Blake* warranted deference. *Id.* at 1340. Accordingly, we applied the statutory counterpart test to hold that the alien was not eligible for § 212(c) relief because the aggravated felony of sexual battery lacks a statutory counterpart in the grounds for inadmissibility set forth in § 212(a). *Id.* at 1339-40. We explained that the categorical formulation of the statutory counterpart test, as set forth in *In re Blake*, required that a court look:

> not to the underlying criminal conviction[,] but rather to the statutory ground for removal contained in INA § 237 and whether it has a counterpoint in the statutory ground for exclusion provisions of INA § 212(a). Under this categorical analysis, [a court should] compare the removal and exclusion provisions of the INA to determine whether they are substantially equivalent.

*Id.* at 1339 (quoting, with approval, *Caroleo v. Gonzales*, 476 F.3d 158, 164 (3d Cir. 2007)) (emphasis omitted).

12

As an initial matter, we note that Palomino-Abad does not challenge on appeal the IJ's and the BIA's determinations that, even if his charged ground of removal under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), for his crimes involving moral turpitude, had a statutory counterpart in the grounds for inadmissibility, he would still be ineligible for § 212(c) relief if his charge under § 237(a)(2)(A)(iii), for his aggravated felony, lacked such a statutory counterpart. Accordingly, he has abandoned this issue, and we focus solely on the issue of whether the BIA properly applied the statutory counterpart test to determine that Palomino-Abad was not eligible for relief under § 212(c) due to his aggravated felony conviction for sexual battery. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (concluding that the petitioners abandoned an argument by failing to raise it in their initial appellate brief).

We lack subject matter jurisdiction to consider Palomino-Abad's argument that the first IJ who considered his case rendered a final decision granting him § 212(c) relief. This is because this argument raises a factual issue, and we lack jurisdiction to consider an issue raised by an alien who is removable due to his commission of a criminal offense unless the issue is constitutional or legal in nature. We possess jurisdiction, however, to consider Palomino-Abad's arguments that we should not apply the statutory counterpart test, as these arguments implicate constitutional and legal issues.

13

Our precedent in *De La Rosa* forecloses Palomino-Abad's arguments that the statutory counterpart test violates the Equal Protection Clause. A determination that Palomino-Abad was ineligible for § 212(c) relief would violate the Equal Protection Clause only if the grounds for his deportation had a substantially identical statutory counterpart in the grounds for inadmissibility set forth in § 212(a). In *De La Rosa*, we deferred to the BIA's holding that, where an alien is removable based on his aggravated felony conviction for sexual battery under Fla. Stat. § 800.04, his ground for removal lacks a statutory counterpart in the grounds for inadmissibility in § 212(a). Because Palomino-Abad is removable based on his conviction for this exact same crime, the *De La Rosa* decision establishes that he is not similarly situated to an inadmissible alien, and also establishes that the BIA's determination that he was ineligible for § 212(c) relief did not violate the Equal Protection clause. Our decision in *De La Rosa* also forecloses Palomino-Abad's argument that we should follow the Second Circuit's decision in *Blake v. Carbone* by declining to defer to the BIA's statutory counterpart test.

Finally, Palomino-Abad's argument that the statutory counterpart test violates *St. Cyr* also lacks merit. While *St. Cyr* concerned the retroactive deprivation of a statutory right, such a concern is not implicated in this case.

**DISMISSED IN PART, DENIED IN PART.**

14