[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10872
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2010
JOHN LEY
CLERK

Agency No. A023-212-982

JORGE HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 4, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jorge Hernandez, a Cuban citizen and permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") final order of removal and denying his application for a waiver of inadmissibility under the Immigration and Nationality Act ("INA"), INA § 212(c), 8 U.S.C. § 1182(c). He argues that the BIA erred in finding that his convictions for sexual abuse of a minor rendered him ineligible for § 212(c) relief. He points out that the case on which the BIA relied, *Matter of Blake*, 23 I & N Dec. 722 (BIA 2005), was overturned by the Second Circuit in *Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007). He asserts that *Matter of Blake* was wrongly decided and that he is, in fact, eligible for a waiver of inadmissibility under § 212(c). Hernandez also contends that *Matter of Blake* and the BIA's statutory counterpart test cannot be retroactively applied to pre-2004 convictions. For the reasons set forth below, we dismiss the petition for review in part and deny it in part.

I.

In 2008, the Department of Homeland Security issued a Notice to Appear to Hernandez, charging that he was removable from the United States because he had been convicted of aggravated felonies. Specifically, the notice alleged that Hernandez had been convicted of two counts of custodial familial sexual battery,

2

in violation of Fla.Stat. § 794.04. Hernandez conceded that he was removable as charged, but he sought a waiver of inadmissibility pursuant to § 212(c).

The IJ denied Hernandez's application for a waiver of inadmissibility. The IJ noted that, in *Matter of Blake*, the BIA held that an individual convicted of sexually abusing a minor is ineligible for § 212(c) relief because that offense does not have a statutory counterpart in any of the grounds of inadmissibility under INA § 212(a), 8 U.S.C. § 1182(a). Hernandez appealed to the BIA. In his appeal brief, he argued that the IJ erred by applying *Matter of Blake* because that case was overruled in *Carbone*. The BIA affirmed the IJ's decision.

## II.

Before addressing the merits of Hernandez's arguments, we must consider whether we have jurisdiction over his petition for review. We review our own subject-matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Generally, we may not review a final order of removal where the petitioner was found to be removable based on a conviction for an aggravated felony. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to review constitutional issues and questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). By statute, the petitioner must administratively exhaust his arguments by raising them before the BIA.

3

*Amaya-Artunduaga,* 463 F.3d at 1250. We lack jurisdiction to consider unexhausted arguments. *Id.*

In this case, Hernandez raises two issues before use. First, he argues that the BIA's decision in *Matter of Blake* is contrary to precedent and is inconsistent with the INA and the agency's own regulations. Second, he contends that application of *Matter of Blake* to his case would result in an impermissible retroactive effect. Both of these issues present questions of law.

However, in his appeal brief before the BIA, Hernandez argued only that *Matter of Blake* was wrongly decided and was no longer binding in light of the Second Circuit's decision in *Carbone*. He did not assert that the IJ erred by retroactively applying *Matter of Blake* to his case. Because Hernandez failed to exhaust his administrative remedies with respect to the retroactivity question, we lack jurisdiction to consider it.[1] Accordingly, we will dismiss Hernandez's petition with respect to that issue. Since Hernandez did exhaust his argument that *Matter of Blake* was wrongly decided, we will consider the merits of that issue.

II.

---

[1]Even if Hernandez had exhausted his administrative remedies, his retroactivity argument is meritless. *See Valere v. Gonzales*, 473 F.3d 757, 761-62 (7th Cir. 2007) (holding that *Matter of Blake* can be applied retroactively); *Vue v. Gonzales*, 496 F.3d 858, 862-63 (8th Cir. 2007) (same).

4

"We review the BIA's legal determinations *de novo*." *De la Rosa v. U.S. Att'y Gen.*, 579 F.3d 1327, 1335 (11th Cir. 2009). Under the prior panel precedent rule, a prior decision of a panel of this Court is binding on all subsequent panels unless and until the panel's decision is overturned by the Supreme Court or by this Court sitting *en banc*. *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

In 2004, the Attorney General promulgated 8 C.F.R. § 1212.3(f)(5), which provides that an application for cancellation of removal must be denied if the alien is deportable or removable based on an offense that does not have a "statutory counterpart" in the grounds of inadmissibility codified in INA § 212(a). In *Matter of Blake*, the BIA determined that an alien convicted of sexual abuse of a minor was ineligible for § 212(c) relief because his offense did not have a statutory counterpart in any of the grounds of inadmissibility listed in § 212(a). *Matter of Blake*, 23 I & N at 727-29. The BIA explained that a ground of inadmissibility is a statutory counterpart to an aggravated felony only if it involves "essentially the same category of offenses" as the felony charge. *Id.* at 729. The inquiry "turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses." *Id.* at 728.

In *De la Rosa*, we adopted the BIA's categorical approach to the statutory

5

counterpart test. *De la Rosa*, 579 F.3d at 1337. We declined to accept the alternative, offense-based approach employed by the Second Circuit in *Carbone*. *Id*. We deferred to the BIA's conclusion in *Matter of Blake* that sexual abuse of a minor does not have a statutory counterpart in INA § 212(a). *Id.* at 1340.

Hernandez's argument that *Matter of Blake* was wrongly decided is foreclosed by our decision in *De la Rosa*, which affirmed *Matter of Blake* and adopted its categorical approach to the statutory counterpart test. Although the Second Circuit rejected the BIA's approach in *Carbone*, the Second Circuit's opinion did not affect the validity of *Matter of Blake* in this Circuit. We are bound by our decision in *De la Rosa* unless and until that case is overruled by the Supreme Court or by this Court sitting *en banc*. *See Smith*, 236 F.3d at 1300 n.8. Under *De la Rosa* and *Matter of Blake*, Hernandez's aggravated felony conviction for sexual abuse of a minor rendered him ineligible for § 212(c) relief. *See De la Rosa*, 579 F.3d at 1340; *Matter of Blake*, 23 I & N. Dec. at 727-29. Therefore, the BIA properly denied Hernandez's application for a waiver of inadmissibility.

Accordingly, we deny the petition for review in part and dismiss it in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**