**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO RODRIGUEZ-RODRIGUEZ a.k.a. Alex R. Rodriguez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72634<br><br>Agency No. A010-634-359<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2010[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Alejandro Rodriguez-Rodriguez ("Rodriguez") petitions for review of the

decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the

decision of the Immigration Judge to deny Rodriguez's application for a waiver of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

inadmissibility under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Rodriguez contends that the cases relied on by the BIA are unconstitutional. In the alternative, Rodriguez contends that he is eligible to apply for § 212(c) relief under current law.

**I**

Rodriguez contends that *Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc), contradicts existing Supreme Court precedent and that its application in his case deprives him of due process. Rodriguez further contends that the law as it existed at the time of his plea was *Tapia-Acuna v. INS*, 640 F.2d 223 (9th Cir. 1981), and he invites us to evaluate his case as if *Tapia-Acuna* had not been overruled by *Abebe*. This we decline to do. While we may overrule prior circuit authority if the Supreme Court has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable," Rodriguez does not offer any intervening, irreconcilable Supreme Court case. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Absent such intervening authority, our en banc decision in *Abebe* is binding. *See id.*

## II

Rodriguez urges that the comparable grounds test articulated by the BIA in *In re Blake*, 23 I. & N. Dec. 722 (B.I.A. 2005) and *In re Brieva-Perez*, 23 I. & N. Dec. 766 (B.I.A. 2005) introduces a requirement that was not present at the time of his plea, and that the application of that test in his appeal is a violation of due process. This argument was squarely addressed by the three-judge panel's opinion in *Abebe*, which held that the comparable grounds tests of *Blake* and *Brieva-Perez* were not impermissibly retroactive because "*Blake* and *Brieva* do not represent a change in the law." *Abebe v. Gonzales*, 493 F.3d 1092, 1105 (9th Cir. 2007), *vacated*, 514 F.3d 909 (9th Cir. 2008). Although that opinion was vacated and superseded by the en banc court's opinion, the three-judge panel's reasoning with regard to this issue was explicitly adopted by the en banc court. *See Abebe*, 554 F.3d at 1208 n.7 ("For the reasons given in the three-judge panel opinion . . . we reject petitioner's due process retroactivity argument." (citing *Abebe*, 493 F.3d at 1105)).

## III

Rodriguez contends that, even under *Blake* and *Brieva-Perez*, the § 212(c) waiver application process should be available to him because his "crime of violence" aggravated felony conviction for kidnapping for the purpose of robbery

3

involves moral turpitude and therefore is a statutory counterpart to the § 212(a) provision for crimes involving moral turpitude. Under *Brieva-Perez*, "the relevant question is whether the 'crime of violence' aggravated felony ground . . . is substantially equivalent to a ground of inadmissibility in section § 212(a) of the Act." *Brieva-Perez*, 23 I. & N. Dec. at 772. In this case, the BIA, while recognizing that there may be "some overlap between offenses categorized as crimes of violence and those considered crimes involving moral turpitude," held that these categories are not statutory counterparts "inasmuch as the terminology employed by Congress in describing these two categories of offenses is distinctly different." *In re Rodriguez-Rodriguez*, No. A10 634 359, 2008 WL 2401052, (B.I.A. May 23, 2008). We agree. The BIA's published precedents in *Blake* and *Brieva-Perez* are entitled to our deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984). We also apply *Chevron* deference in this case. *See Marmolejo-Campos v. Holder,* 558 F.3d 903, 911 (9th Cir. 2009) (en banc) ("[W]e apply *Chevron* deference regardless of whether the order under review is the precedential decision itself or a subsequent unpublished order that relies upon it."). We defer to the BIA's conclusion that Rodriguez's statutory ground for removal—a conviction for a "crime of violence" aggravated felony—is not a statutory counterpart to a ground of inadmissibility under § 212(a).

4

**DENIED.**