**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANUEL ALEJANDRO RANGEL-
ZUAZO,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 07-72316

Agency No.
A90-640-428

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 11, 2011—Seattle, Washington

Filed January 31, 2011

Before: Susan P. Graber and Milan D. Smith, Jr.,
Circuit Judges, and Roger T. Benitez,* District Judge.

Per Curiam Opinion

---

*The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

## COUNSEL

Manuel F. Rios III, Rios & Cruz, P.S., Seattle, Washington, for petitioner Manuel Alejandro Rangel-Zuazo.

Tony West, Assistant Attorney General, Civil Division, Shelley R. Goad, Assistant Director, Office of Immigration Litigation, and Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for respondent Eric H. Holder Jr.

## OPINION

PER CURIAM:

Petitioner Manuel Alejandro Rangel-Zuazo petitions for review of a final order of removal issued by the Board of

Immigration Appeals ("BIA") on May 10, 2007. In its order, the BIA affirmed an earlier decision holding that, although Petitioner was thirteen or fourteen years old at the time of the relevant offense, the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. §§ 5031-5042, did not apply to Petitioner's conviction because Petitioner was charged as an adult and received his conviction after reaching majority age. Therefore, Petitioner's conviction did not constitute a juvenile adjudication, and Petitioner was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA further determined that Petitioner was ineligible for a waiver under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1994), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009.

For the reasons set forth below, we agree with the BIA's decision and deny the petition.

## I.

**[1]** Under the INA,

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). By its plain language, the statutory definition applies to both state and federal convictions.

Indeed, we have held that where a juvenile offender is charged and convicted as an adult under state law, the offender has a "conviction" for purposes of the INA. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 922-23 (9th Cir. 2007); *Morasch v. INS*, 363 F.2d 30, 31 (9th Cir. 1966). Our sister circuits agree. *See Singh v. U.S. Attorney Gen.*, 561 F.3d 1275, 1278-79 (11th Cir. 2009) (per curiam); *Savchuck v. Mukasey*, 518 F.3d 119, 122 (2d Cir. 2008) (per curiam); *Vieira Garcia v. INS*, 239 F.3d 409, 411-14 (1st Cir. 2001).

**[2]** Although there are factual distinctions between these other cases and the present one, including the age of the offenders at the time of the offenses and the nature of the criminal acts, such factors played no role in the reasoning or outcome of the cases, and we see no reason to distinguish them on those grounds here. Rather, the other decisions turned on the lawful decisions of state authorities to try the offenders as adults. *See, e.g., Singh*, 561 F.3d at 1279 (agreeing with other circuits that "a conviction in adult court is a conviction for immigration purposes, no matter how old the alien was at the time of the offense"); *Vieira Garcia*, 239 F.3d at 413 ("Neither we nor the BIA have jurisdiction to determine how a state court should adjudicate its defendants. Once adjudicated by the state court, as either a juvenile or an adult, we are bound by that determination.").

Our conclusion also furthers the policy of uniformity in immigration cases, which we have recognized as important on several occasions. *See, e.g., Sareang Ye v. INS*, 214 F.3d 1128, 1132 (9th Cir. 2000); *Kahn v. INS*, 36 F.3d 1412, 1414 (9th Cir. 1994) (per curiam); *Avila-Murrieta v. INS*, 762 F.2d 733, 735 (9th Cir. 1985).

## II.

**[3]** There is no equal protection violation. First, we conclude that a rational basis exists to treat differently offenders who have reached eighteen years of age before conviction or

adjudication from those who have not reached eighteen years of age before conviction or adjudication. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1292-93 (9th Cir. 2004) (applying rational basis review to federal classifications based on alien-age). As recognized by the Washington Supreme Court, a need for special "protection and reformation" of minors exists that necessitates a juvenile adjudication process and which does not apply to adults. *State v. Ring*, 339 P.2d 461, 463-64 (Wash. 1959) (citation omitted). After an offender turns eighteen, therefore, he or she is no longer entitled to the protection of the juvenile courts. *Id.* at 464.

**[4]** We further find there is a rational basis for Congress to use a statutory definition for conviction that relies on the nature of the conviction, i.e., the adult versus juvenile nature of the conviction, rather than on the age of the offender at the time of the offense. That is, Congress may have intended to rely on the adjudicating forum's judgment concerning the seriousness of the offense as a better indicator of an alien's potential dangerousness than mere age. *See Vieira Garcia*, 239 F.3d at 414 (concluding "it is entirely rational for the BIA to rely on the law of the convicting state to determine whether a juvenile has been convicted as an adult.").

## III.

**[5]** We further hold it was not unconstitutional for the BIA to apply the comparability requirement, as articulated in *In re Blake*, 23 I. & N. Dec. 722 (B.I.A. 2005), *remanded on other grounds by Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007), to Petitioner's request for a waiver of removability under former section 212(c) of the INA, 8 U.S.C. § 1182(c).

**[6]** *Blake* did not establish new precedent, but rather confirmed that section 212(c) relief is available only if the ground charged for removability (here, an aggravated felony conviction relating to rape) has a comparable ground for inadmissibility under section 212(a) of the INA, 8 U.S.C. § 1182(a).

*See Abebe v. Gonzales*, 493 F.3d 1092, 1105 (9th Cir. 2007) (holding that *Blake* did not represent a change in the law: "There simply is no retroactivity problem because there is no new law."); *see also Zamora-Mallari v. Mukasey*, 514 F.3d 679, 689-90 (7th Cir. 2008) (stating that the BIA in *Blake* "did not establish a new rule of law, but rather applied the previously well-established comparability standard in a different factual context"); *Vo v. Gonzales*, 482 F.3d 363, 369-70 (5th Cir. 2007) (rejecting argument that *Blake* contradicted prior agency practice); *Caroleo v. Gonzales*, 476 F.3d 158, 163 (3d Cir. 2007) ("The principle that § 212(c) is available in removal proceedings only where the ground for removal has a 'statutory counterpart' ground for exclusion has been firmly in place and consistently applied since at least 1991."). Therefore, any application of the *Blake* decision to Petitioner's case was not an unconstitutional retroactive application of new law.

The petition for review is **DENIED**.