CLD-216                                                                          NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 13-1167
_____

BRUNO SILVA,
                                      Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                      Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-017-047)
Immigration Judge:  Honorable Dorothy Harbeck
_____

Submitted on the Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2013

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 7, 2013)
_____

OPINION
_____

PER CURIAM

Bruno Silva, a citizen of Brazil, petitions for review of a final order of the Board of Immigration Appeals ("BIA" or "Board"). On the Government's motion, we will summarily deny the petition for review.

Silva was admitted to the United States in 1995 as a visitor with authorization to remain for six months. He overstayed his admission period. In July 2004, Silva was convicted in a New Jersey municipal court of possession of a controlled dangerous substance. N.J. Stat. Ann. § 2C:35-10(a). Three years later, in June 2007, Silva was convicted in municipal court of being under the influence of a controlled dangerous substance. N.J. Stat. Ann § 2C:35-10(b).

The Government charged Silva as removable for overstaying his period of admission, 8 U.S.C. § 1227(a)(1)(B), and for having been convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i). Proceeding pro se, Silva admitted the factual allegations in the Notice to Appear and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). The Immigration Judge ("IJ") denied the application, stating that Silva "cannot show that he is a person of good moral character because of the two drug convictions." Id. (providing that a nonpermanent resident alien is ineligible for cancellation of removal if, inter alia, he has not "been a person of good moral character during" the 10 years immediately preceding the date of the application). The Board dismissed Silva's appeal, agreeing that his two drug convictions prevented him from establishing the requisite good moral character necessary for cancellation of removal. 8

2

U.S.C. § 1101(f)(3) (prohibiting a finding of good moral character for individuals who have committed a controlled substance offense, except as it "relates to a single offense of simple possession of 30 grams or less of marihuana)."

Silva filed a timely pro se petition for review of the BIA's decision. Because Silva is a criminal alien, we have jurisdiction to review only constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (citation omitted).

In his pro se brief, Silva argues that his removal will result in exceptional and extremely unusual hardship to his son. As the Government argues, this contention is irrelevant because the Board did not deny relief on that basis. Instead, the BIA held that Silva failed to meet the good moral character requirement because of his two controlled substance convictions, a point which Silva appears to concede. He contends, however, that the good moral character requirement of § 1101(f)(3) is unconstitutional because it creates an "irrefutable presumption." In particular, Silva asserts that he has a "constitutional right to the opportunity to rebut the presumption that [he] lack[s] the requisite good moral character despite [his] convictions."

Cancellation of removal is a discretionary form of relief. Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). Because there is no liberty interest at stake in an application for a discretionary form of relief, Silva does not have a cognizable procedural

due process claim. United States v. Torres, 383 F.3d 92, 104-05 (3d Cir. 2004) (holding that aliens do not have a due process interest in being considered for discretionary relief). Moreover, we reject any attempt by Silva to challenge Congress' determination that nonpermanent residents who commit a controlled substance offense (other than a single offense of simple possession of 30 grams or less of marijuana) will lack the good moral character necessary to warrant cancellation of removal. See DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir. 1999) (holding that under the equal protection doctrine, "disparate treatment of different groups of aliens triggers only rational basis review."); see also Romero-Ochoa v. Holder, -- F.3d --, 2013 WL 1442484, at *2 (9th Cir. Apr. 10, 2013) (stating that "although the conclusive presumption [under § 1101(f)(7)] denies individuals like [the petitioner] an opportunity to show that they possess the requisite good moral character . . ., Congress could rationally conclude that 'the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule.'" (quoting Weinberger v Salfi, 422 U.S. 749, 777 (1975))).

For the foregoing reasons, we will grant the Government's motion and deny the petition for review.

4