**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RUDY ALBERTO MONTENEGRO, | No. 13-71354 |
| Petitioner, | Agency No. A070-109-885 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

1.     The immigration judge ("IJ") did not err in pretermitting Rudy Alberto

Montenegro's Nicaraguan Adjustment and Central American Relief Act

("NACARA") application.  Montenegro failed to establish that, under NACARA

§ 203, he was eligible for special rule of cancellation of removal.  He could not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

establish that he was a person of good moral character during the seven-year period immediately preceding the decision by the Board of Immigration Appeals ("BIA"). *See* 8 U.S.C. § 1101(f)(7); NACARA, Pub. L. No. 105–100, sec. 203(b), § 309(f)(1)(A)(iii), (B)(iv), 111 Stat. 2160, 2198–99 (1997); 8 C.F.R. § 1240.66(b)(3); *see also Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009) (noting that the period for demonstrating good moral character "is calculated backwards from the date on which the . . . application is finally resolved by the IJ or the BIA").

For the first time on appeal, Montenegro argues that the IJ's pretermitting his NACARA application was in error, because either the IJ or the BIA should have instead administratively closed the removal proceedings.[1]  This issue was not raised before either the IJ or the BIA; thus, it is not exhausted.  Therefore, we lack jurisdiction to address it.  *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

2.    The IJ did not abuse his discretion in concluding there was not good cause to continue the master hearing to allow Montenegro to file an application for asylum.

---

[1] Besides not asking for administrative closing, the record does not indicate that Montenegro moved to reopen his application for asylum before the United States Citizenship and Immigration Services ("USCIS").  *See Am. Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 803, 805 (N.D. Cal. 1991); 8 C.F.R. § 1240.68(a).

"When reviewing an IJ's denial of a continuance, we consider several factors, including: (1) the nature of the evidence not obtained or admitted as a result of the denial of the continuance, (2) the reasonableness of the alien's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (citation omitted); *accord An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). First, Montenegro had more than two years to file an application with the IJ and failed to do so. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). Second, after denying the continuance, the IJ instructed Montenegro to file an application with his appeal to the BIA, which he failed to do.[2] Third, as noted by the BIA, he has not articulated why he would qualify for asylum. Fourth, the IJ had already granted a motion to reopen removal proceedings and held multiple hearings in which asylum was not pursued. After consideration of the relevant factors, we conclude that Montenegro has not shown that the IJ's denial of the continuance was "clear abuse." *See Garcia*, 798 F.3d at 881.

3. Montenegro challenges the constitutionality of 8 U.S.C. § 1101(f)(7). In *Romero-Ochoa v. Holder*, 712 F.3d 1328, 1330-32 (9th Cir. 2013), we already

---

[2] Montenegro was also instructed by the USCIS to file an application for asylum in its denial letter.

3

concluded that § 1101(f)(7) was constitutional in the context of cancellation of removal and voluntary departure under 8 U.S.C. §§ 1229b(b)(1), 1229c(b)(1). Section 1101(f)(7) is equally applicable to a request for special rule for cancellation of removal under the NACARA § 203. *See* NACARA, sec. 203(b), § 309(f)(1) (noting that special rule for cancellation of removal is subject to 8 U.S.C. § 1101).

4.      The BIA did not err in denying Montenegro's request for voluntary departure. *See* 8 U.S.C. § 1229c(b)(1)(B); *Romero-Ochoa*, 712 F.3d at 1330-32.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**