**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS ULISES CALDERON MOLINA, | No. 10-71100 |
| Petitioner, | Agency Nos. A070-865-997 / A097-112-666 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2018
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,** Circuit Judges.

Salvadoran native, Douglas Ulises Calderon Molina, seeks review of the

Board of Immigration Appeals's ("BIA") decision to dismiss his applications for

cancellation of removal under 8 U.S.C. § 1229b(b)(1) and voluntary departure

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Albert Diaz, United States Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

under 8 U.S.C. § 1229c(b).  We deny in part and dismiss in part the petition for review.

We review legal questions *de novo*.  *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).  But if there is "binding agency precedent on-point in the form of a published BIA opinion, we consider whether *Chevron* deference is appropriate." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 663 (9th Cir. 2016) (internal quotation marks omitted).  If Congress has not directly spoken to the question at issue, we will uphold the BIA's interpretation as long as it is "based on a permissible construction of the statute."  *Id.* (citation omitted).

We deny the petition as to Molina's application for cancellation of removal. The BIA correctly found Molina ineligible for cancellation of removal because he was convicted of two crimes involving moral turpitude ("CIMTs"), which are disqualifying offenses under 8 U.S.C. § 1182(a)(2).  We recognize that each conviction, on its own, may fall under an exception set forth in 8 U.S.C. § 1182(a)(2)(A)(ii), but that provision only applies to applicants convicted of one crime of moral turpitude.  Molina stands convicted of two.

First, Molina was convicted of petty theft under Cal. Penal Code § 490.5, which we have repeatedly recognized as a CIMT.  *See Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009) (citing cases).  Molina argues his conviction should not constitute a CIMT because he was a juvenile at the time he committed

2

the offense.  However, "where a juvenile offender is charged and convicted as an adult under state law, the offender has a 'conviction' for purposes of the INA." *Rangel-Zuazo v. Holder*, 678 F.3d 967, 968 (9th Cir. 2012) (per curiam) (citing *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 922–23 (9th Cir. 2007)).

Second, Molina was convicted of assault with a deadly weapon under Cal. Penal Code § 245(a)(1).  Because Molina's petty theft conviction is a CIMT, his case hinges on whether his assault with a deadly weapon conviction is as well.  In answering this question, we are not writing on a blank slate.  The BIA has recently held, in a published opinion, that a conviction under Cal. Penal Code § 245(a)(1) is categorically a CIMT for purposes of the INA.  *Matter of Wu*, 27 I. & N. Dec. 8, 9 (BIA 2017).  We therefore proceed under *Chevron*[1] to consider whether the BIA's opinion is "based on a permissible construction of the statute."  *Mendez-Garcia*, 840 F.3d at 663 (citation omitted); *see Rohit v. Holder*, 670 F.3d 1085, 1088 (9th Cir. 2012).  In *Matter of Wu*, the BIA weighed the level of danger posed by the perpetrator's conduct along with his degree of mental culpability.  *See* 27 I. & N. Dec. at 11–15.  It concluded that the offense is no less base, vile, and depraved than other CIMT offenses, like reckless aggravated assault.  *Id.* at 15.

The BIA did recognize that the offense requires a unique mental state.  A defendant guilty of assault under § 245(a)(1) "*must be aware of the facts* that

---

[1] *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

3

would lead a reasonable person to realize that a battery would *directly, naturally and probably* result from his conduct," but he "need not be subjectively aware of the risk that a battery might occur." *Id.* at 13 (quoting *People v. Williams*, 29 P.3d 197, 202 (Cal. 2001)). Despite this, the BIA held that the offense involves a sufficiently culpable mental state to constitute a CIMT because it "requires proof of an intentional 'violent act' with a deadly weapon." *Id.* at 14. The BIA relied on *United States v. Grajeda* where we held that a conviction under § 245(a)(1) is a crime of violence, in part because the offense requires a *mens rea* of more than mere negligence or recklessness. 581 F.3d 1186, 1190–91 (9th Cir. 2009). Finally, the BIA reasoned that it was "not aware of any cases in which this unique mental state has led to the prosecution of an individual for conduct that is not turpitudinous" so "there is no realistic probability that section 245(a)(1) will be used to prosecute such conduct." *Matter of Wu*, 27 I. & N. Dec. at 16.

We note that a different panel of this court has requested supplemental briefing on whether the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), calls into question *Grajeda*'s holding that § 245(a)(1) is a crime of violence. But that is of no consequence here given that in *Matter of Wu*, the BIA relied principally on *Grajeda*'s view of § 245(a)(1)'s *mens rea* requirement.

Congress has not defined or otherwise described what constitutes a crime of moral turpitude in the INA, and so we grant deference to the BIA's reasonable interpretation in *Matter of Wu. See Chevron*, 467 U.S. at 843–44. Because Molina has been convicted of two CIMTs—petty theft and assault with a deadly weapon—he is statutorily ineligible for cancellation of removal.

Finally, we dismiss the petition as to Molina's application for voluntary departure because we lack jurisdiction to consider his arguments. *See* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) . . . ."); *see also Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**